NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRIS YESENIA MOREIRA-DE SANDOVAL; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   17-73135 <br><br> Agency Nos.   A206-762-467 <br>          A206-762-468 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before:      GRABER, PAEZ, and NGUYEN, Circuit Judges.

Iris Yesenia Moreira-De Sandoval and her minor son, natives and citizens of

El Salvador, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their applications for asylum, withholding of removal, and protection

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

We do not disturb the determination that petitioners failed to establish they suffered harm that rises to the level of persecution. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (threats "were not so overwhelming so as to necessarily constitute persecution" (citation and internal quotation marks omitted)); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution ... is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation and internal quotation marks omitted)); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Substantial evidence supports the conclusion that petitioners failed to establish a reasonable possibility of future persecution. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative").

We do not address petitioners' contentions as to nexus to a protected ground and the cognizability of their particular social group because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th

2                                                    17-73135

Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Because petitioners failed to establish eligibility for asylum, they failed to satisfy the standard for withholding of removal. *See Villegas Sanchez*, 990 F.3d at 1183. Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

To the extent petitioners assert new claims related to perceived wealth, we lack jurisdiction to consider these issues. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below).

We do not consider the materials petitioners reference in their opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**